```
1
2
3
4
5
6
7
8
9
10
```

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 11CR0674 WQH |
|---|---|
| Plaintiff, | ORDER |
| vs. | |
| HUGO ALMANZA-VILLAGOMEZ, | |
| Defendant. | |

HAYES, Judge:

The following motions filed by the Defendant Hugo Almanza-Villagomez are pending before the Court: 1) the Motion to Dismiss Indictment (ECF No. 13); and 2) the Motion to Suppress Statements (ECF No. 14).

### FACTUAL BACKGROUND

Defendant entered the United States in approximately 1974 at the age of eight years old.

On May 4, 1988, Defendant adjusted his status to an alien lawfully admitted for temporary residence through the Immigration Reform and Control Act of 1986 amnesty program. Defendant was notified that "YOU ARE CURRENTLY A LAWFUL TEMPORARY RESIDENT OF THE UNITED STATES. YOU MAY SUBMIT YOUR APPLICATION FOR PERMANENT RESIDENCE ANYTIME FROM NOW UNTIL THE END OF YOUR ELIGIBILITY PERIOD ON NOVEMBER 03, 1990." ECF No. 16-1 at 4. Defendant's A-file Number was identified as A92892893.

On June 27, 1991, the Immigration and Naturalization Service notified the Defendant of the "Notice of Intent to Terminate" his temporary resident status. ECF No. 16-1 at 6. The Notice stated that "Security checks conducted by the Service have revealed several violations of law which may make you ineligible for temporary residence if convictions occurred. The record reflects that you have been convicted of the following: January 5, 1986, 8 USC 1324(a)(1) Smuggling Aliens. ... Your temporary resident status will be terminated unless you can present sufficient evidence which indicated that the convictions did not occur.... You have thirty (30) days from the date of this notice in which to submit the evidence to overcome the above grounds of ineligibility." *Id.*

On October 21, 1991, Defendant filed a "Notice of Appeal of Decision" which attached a statement of the Defendant stating in part "I have lived in the United States for the past sixteen years. In that time I have gotten into some trouble, cause I was young and I didn't have my life straight ... I have come to realize that I had to make a change in my life, because I was getting any where. Now I have a full time job and am doing very well in it... I should have a second chance to keep on going forward with my life." ECF No. 16-1 at 9.

On September 28, 1998, the Immigration and Naturalization Service mailed a letter to the Defendant stating that "YOUR APPEAL WAS DISMISSED, YOU NO LONGER HAVE A CASE PENDING BEFORE THIS UNIT, AND YOU ARE NOT ENTITLED TO FILE A MOTION TO REOPEN OR RECONSIDER YOUR CASE.... This decision constitutes a final notice of ineligibility." ECF No. 16-1 at 11-12. This letter was sent to an address from which the Immigration and Naturalization Service had on a prior occasion in May 1998 received returned mail for the Defendant. ECF No. 16-1 at 13-17.

On October 20, 2010, Immigration and Customs Enforcement issued a Notice to Appear for removal proceedings to the Defendant. The Notice to Appear was issue under the A file Number A26774552. The Notice stated that:

    1. You are not a citizen or national of the United Sates;
    2. You are a native of MEXICO and citizen of MEXICO;
    3. You entered the United States at or near an UNKNOWN PLACE, on or about and unknown date;
    4. You were not then admitted or paroled after inspection by an Immigration Officer.

- 2 -

11CR0674 WQH

ECF No. 16-1 at 21. The Certificate of Service for the Notice to Appear was signed "Pablo Lopez." *Id.* at 22.

On November 9, 2010, the Immigration Judge held an hearing. Defendant informed the Immigration Judge that he had not received a copy of the Notice to Appear. The Immigration Judge showed the Defendant a copy of the Notice to Appear and asked the Defendant "[I]s that your signature?" Defendant responded "Yes, ma'am." ECF No. 20-2 at 3. Defendant stated that he did not receive a copy of the Notice at the time that he signed it. The Immigration Judge stated that she was inclined to believe that the Defendant was given a copy of the Notice at the time he signed the document and provided the Defendant with a copy of the Notice.

The Immigration Judge sustained the charges in the Notice to Appear; found that the Defendant was unlawfully in the country; and found that the Defendant could be ordered removed. ECF No. 20-2 at 4. The Immigration Judge reviewed the Defendant's criminal history including convictions in July 2010 for possession of a firearm in violation of California Penal Code § 12021(a) and possession of a controlled substance for sale in violation of California Penal Code § 11351. Defendant told the Immigration Judge that he was admitted as a temporary lawful resident at which time Immigration Service found that the Defendant had been assigned two A numbers.

Defendant requested bond so that he could hire an attorney to represent him. An off-the-record bond hearing was conducted and bond was denied. After bond was denied, the Immigration Judge informed the Defendant that he was "not eligible for voluntary departure because your conviction of possession for sale of a controlled substance is a trafficking offense. It's an aggravated felony." *Id.* at 7. Defendant stated that he did not want to continue to pursue asylum, stated that he wanted the immigration judge's order to be entered on that day, and stated that he did not want to appeal.

On November 9, 2010 the Immigration Judge ordered the Defendant removed.

On January 4, 2011, Defendant applied for entry at the San Ysidro Port of Entry pedestrian lanes. Defendant was referred secondary. After his true identity was discovered, Defendant was arrested.

After *Miranda* warnings, Defendant was interviewed by border patrol agents and made statements.

On February 23, 2011, the grand jury returned an indictment charging the Defendant with Attempted Entry after Deportation in violation of 8 U.S.C. § 1326(a) and (b); Misuse of a Passport in violation of 18 U.S.C. § 1544; and Aggravated Identity Theft in violation of 18 U.S.C. § 1028A.

## ANALYSIS

### 1. Motion to dismiss the indictment

Defendant contends that his removal hearing was fundamentally unfair on the grounds that 1) the Notice to Appear charged him with being inadmissible instead of deportable even though he had been admitted as a temporary resident; 2) his status should have been adjusted to permanent resident status in 1991 which would have entitled him to relief from removal; and 3) he was denied due process because he was not served with a copy of the Notice to Appear.

The Government contends that the Immigration and Naturalization Service properly terminated the temporary resident status of the Defendant in 1991. The Government contends that an alien who lost his temporary resident status has not been "admitted" into the United States and is properly charged as being inadmissible by the immigration court. The Government asserts that the Immigration Judge found at the hearing that the Defendant did receive a copy of the Notice to Appear and that this finding should be accepted under the deferential standard for factual determinations. In the alternative, the Government asserts that the Defendant was not prejudiced because he had suffered an aggravated felony and was not entitled to any form of relief.

A defendant charged with a violation of Section 1326 may collaterally attack the prior deportation prior to trial under the due process clause. *United States v. Pallares-Galan*, 359 F.3d 1088, 1095 (9th Cir. 2004). In order to sustain a collateral attack under §1326(d), a defendant must, within constitutional limitations, demonstrate: (1) that he exhausted all administrative remedies available to him to appeal his removal order, (2) that the underlying removal proceedings at which the order was issued improperly deprived him of the opportunity

for judicial review, and (3) that the entry of the order was fundamentally unfair. 8 U.S.C. § 1326(d). An underlying removal order is fundamentally unfair if: 1) an alien's due process rights were violated by defects in the underlying proceedings, and 2) he suffered prejudice as a result of the defects. *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1048 (9th Cir. 2004).

The documents in the record show that the Defendant properly lost his temporary status in 1991 and that he had no legal right to be in the United States as charged in the October 20, 2010 Notice To Appear. ECF No. 16-1 at 21. At the November 9, 2010 hearing, the Immigration Judge reasonably concluded that the Defendant had received a copy of the Notice to Appear based upon the Defendant's confirmation of his signature on the Certificate of Service. ECF No. 20-2 at 3. The Court concludes that the Immigration Judge's finding that the Defendant received a copy of the Notice to Appear was reasonable and that the Defendant was not denied due process.

The documents in the record further show that the Defendant received a felony conviction in July of 2010 for possession of a controlled substance for sale in violation of California Health and Safety Code § 11351. Possession of a controlled substance for sale is an aggravated felony. *See Rendon v. Mukasey*, 520 F.3d 967, 976 (9th Cir. 2008) ("We hold that possession of a controlled substance with the intent to sell contains a trafficking element and is an aggravated felony."). Even assuming a due process violation, the Defendant has not shown any prejudice to support the dismissal of the indictment in this case.

**2. Motion to suppress statements**

Defendant contends that he was not adequately advised of his *Miranda* rights by the interviewing officer. Defendant asserts that the interviewing officer conveyed a misleading impression by inferring that his only two options were to answer the questions or to wait for an attorney. Defendant asserts that the interviewing agent created confusion between answering biographical questions only and answering questions regarding the offense. Defendant asserts that he informed the interviewing officer that he would only answer biographical questions and that the questioning should have ceased.

The Government contends that the video of the post arrest interview and the transcript

1  show that the officer carefully advised the Defendant of his *Miranda* rights; and that the officer
2  truthfully answered the Defendant's questions regarding when an attorney could be present and
3  whether he would receive immediate removal if he answered questions. The Government
4  asserts that the Defendant made an ambiguous statement concerning his willingness to answer
5  all questions or only biographical questions; that the interviewing officer inquired further; and
6  that the Defendant clearly stated his agreement to answer all questions.

7        The transcript of the interview shows that the interviewing agent informed the
8  Defendant of his *Miranda* rights and the Defendant acknowledged that he understood each of
9  the rights. ECF No. 20-1 at 3. Defendant signed the *Miranda* Warning form. ECF No. 19 at
10 12. The agent asked "Do you want to answer our questions, or would you rather wait for an
11 attorney?" Defendant asked "When will one be here?" ECF No. 20-1 at 4. The agent
12 informed the Defendant that he would be arraigned the following day and that counsel would
13 be appointed. The agent explained that "we could just do biographical questions and health
14 questions" and asked whether the Defendant wanted "to answer all questions, or just the health
15 and biographical questions?" ECF No. 20-1 at 5. Defendant stated "I'll answer the health and,
16 I'll just stop answering when I've."

17       The transcript of the interview shows the following questions and answers then took
18 place:

19     Agent: Okay, so do you want to start answering questions and just answer that you're comfortable with...?"
20     Defendant stated "Yes, ma'am."
21     Agent: Okay. If you could read this for me then out loud and see if you agree with it?
22     Defendant: I am willing to answer questions & make a statement. I do not want a lawyer at this time. I understand what I am doing. No promises or threats
23     have been made to me and no pressure or coercion of any kind is being used against me.
24     Agent: Is that true? Do you agree with that statement?
    Defendant: Yes.

25 ECF No. 20-1 at 6. Defendant then signed the waiver portion of the *Miranda* Warning form
26 and answered all questions showing no hesitation. The transcript and the video of the
27 interview show that the Defendant was fully informed of his *Miranda* rights and knowingly
28 and voluntarily waived those rights and answered the questions.

1    To the extent that there was any ambiguity in Defendant's intention to answer all
2 questions or answer only health questions, the interviewing agent clarified the Defendant
3 intention. The agent had the Defendant read aloud a statement acknowledging his willingness
4 to answer questions and make a statement and to waive counsel. The agent then stated clearly
5 "Do you agree?" Defendant answered "Yes." The agent then began general interrogation and
6 the Defendant answered the questions. The Court finds that the video and the transcript of the
7 interview establish an intelligent and unambiguous waiver of *Miranda* rights. *See United*
8 *States v. Rodriguez*, 518 F.3d 1072, 1080 (9th Cir. 2008) ("a duty rests with the interrogating
9 officer to clarify any ambiguity before beginning general interrogation.").

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss Indictment ECF No. 13 is denied; and the Motion to Suppress Statements ECF No. 14 is denied.

Dated: 5/31/11

WILLIAM Q. HAYES
United States District Judge